IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHAWN BUCKLEY,
(BOP #10702-025)

Defendant.                                        No. 13-cr-30201-DRH

### ORDER

**HERNDON, District Judge:**

Now before the Court is Buckley's *pro se* motion to request a prison facility that has a 500 hour R-DAP program (Doc. 180). Based on the following, the Court dismisses for lack of jurisdiction the motion.

Under 18 U.S.C. § 3621(b), the sole authority to designate the place of confinement for federal prisoners has been delegated to the BOP. 18 U.S.C. § 3621(b). The BOP also has the authority to transfer a prisoner from one penal or correctional facility to another "at any time." *Id.* The BOP is given broad discretion to designate any penal or correctional facility that is available, appropriate, and suitable. *Id.* Initial placement and transfer determinations must be made with regard for the five factors listed in § 3621(b): (1) the resources of the facility; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing

Commission pursuant to section 944(a)(2) of title 28. 18 U.S.C. §§ 3621(b)(1)–(5); 28 C.F.R. § 524.11.  Further, the Supreme Court has made it abundantly clear that a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request.  *Olim v. Waukinekona,* 461 U.S. 238, 245 (1983); *Meachum v. Fano,* 427 U.S. 215, 225 (1976).  Clearly, the Court does not have jurisdiction over this motion.

Accordingly, the Court **DISMISSES for lack of jurisdiction** Buckley's motion (Doc. 180).

**IT IS SO ORDERED.**

Signed this 5th day of January, 2015.

Digitally signed by
David R. Herndon
Date: 2015.01.05
15:43:39 -06'00'

**United States District Judge**